*35 JUSTICE COMPTON, with whom CHIEF JUSTICE CARRICO and JUSTICE LACY
join, dissenting.
In my opinion, the trial court did not abuse its discretion in dismissing this action.
Toyota was entitled to examine the allegedly defective vehicle in its post-accident condition to determine the cause of any malfunction that may have occurred. This examination was rendered impossible due to die intentional destruction by the plaintiffs’ representative of an integral part of the truck.
The fact that the plaintiffs have now focused on an alleged defect not involving the portion of the vehicle removed with a hacksaw by the plaintiffs’ representative is irrelevant on the issue of prejudice. The manufacturer should not be relegated to merely rebutting some recent theory advanced by the plaintiffs regarding the accident’s cause. Toyota has the right to determine whether there is some cause of the accident related to the now nonexistent part removed by the plaintiffs. The majority has completely disregarded that right to the prejudice of the manufacturer.
I would affirm the judgment of the trial court.